UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-80972-BLOOM/Hopkins

KAPOW OF BOCA RATON, INC., and
RESTORATION CONSTRUCTION, LLC,

       Plaintiffs,

vs.

ASPEN SPECIALTY INSURANCE
COMPANY,

       Defendant.
_____/

**ORDER ON MOTION TO REMAND**

**THIS CAUSE** is before the Court upon Plaintiffs' Motion for Remand, ECF No. [11] (the "Motion"), seeking to remand the proceedings back to state court in Palm Beach County, Florida. The Court has carefully reviewed the Motions, the record, all supporting and opposing filings, the exhibits attached thereto, and is otherwise fully advised. For the reasons that follow, the Motion is denied.

**I. BACKGROUND**

Plaintiffs originally filed this action in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *See* ECF No. [17-1]. In the Complaint, Plaintiffs allege that Defendant issued a policy of insurance to Kapow of Boca Raton ("Kapow"), an Asian noodle restaurant, providing insurance coverage for water and mold damage to commercial property and coverage for business interruption. *Id.* at ¶¶ 5-6. On or about August 16, 2016, Plaintiffs allege that Kapow's restaurant suffered water and mold damage caused by a toilet overflowing in a second floor unit above the restaurant (the "first incident"). *Id.* at ¶ 7. This overflowing water leaked

through the restaurant's ceiling and caused an interruption of Kapow's business, forcing it to close for several days to complete water extraction, mold remediation and other repairs services. *Id.* Kapow retained co-Plaintiff Restoration Construction LLC ("RC") to perform these services and assigned its insurance benefits under the insurance policy to RC. *Id.* at ¶ 9. The assignment, in part, provides:

> The undersigned further assigns and transfers to Restoration Construction LLC any and all rights and causes of action that the undersigned might have under the above-referenced insurance policy ('the policy") to recover insurance proceeds for the claim to the extent of and in the amount of Restoration Construction LLC's invoices, with the right to prosecute such causes of action either in the name of the undersigned or in Restoration Construction LLC's name, and the right to settle or otherwise resolve such causes of action as Restoration Construction LLC sees fit. . . . The undersigned shall remain personally liable for all amounts owed to Restoration Construction LLC that are not otherwise paid in full to Restoration Construction LLC by insurance benefits proceeds.

*See* ECF No. [17-4] at 2.

After Plaintiffs made a claim for insurance benefits under the policy, they allege that Defendant improperly denied coverage for the claim, citing to the policy's exclusion for overflow of drains and sewers. *See* ECF No. [17-1] at ¶ 12. In Count I of the Complaint, Kapow asserts a claim for loss of income arising from the first incident. *See* ECF No. [17-1] at ¶¶ 20-23. In Count II, RC, as an assignee of Kapow, asserts a breach of contract claim against Defendant also arising from the first incident, seeking to recover damages for the cost of its water extraction and mold remediation services. *Id.* at ¶¶ 24-29.

In the Complaint, Plaintiffs also allege a second breach of contract claim against Defendant by RC as Kapow's assignee. *Id.* at ¶¶ 30-35. This claim arises from a second incident on November 14, 2016 that caused water and mold damage to Kapow's restaurant as a result of a leaking toilet overflowing on the second floor. *Id.* at ¶ 14. Kapow again retained RC to perform the repair services and assigned its benefits under the policy to RC. *Id.* at ¶ 16. In

response to the second claim for benefits, Defendant again denied coverage, invoking the same exclusionary language within the policy. *Id.* at ¶ 19.

On August 23, 2017, Defendant removed the lawsuit to this Court invoking diversity jurisdiction as the basis for removal. *See* ECF No. [1]. Plaintiffs' Motion does not contest diversity of citizenship. *See* ECF No. [11]. Instead, it challenges Defendant's ability to satisfy the amount-in-controversy requirement. *Id.* In its Response, Defendant presented evidence of Kapow's damages in the amount of $38,212, *see* ECF No. [17-2] at 2, and of RC's total damages in the amount of $49,892.65, *see* ECF No. [17-3]. Plaintiffs argue that their claims cannot be aggregated and that each individual claim is less than the required $75,000, falling short of satisfying the minimum amount in controversy. *See* ECF No. [11]. Defendant argues that, under the facts of this case, the claims can be aggregated, which makes the amount in controversy total $88,104. *See* ECF No. [17]. Although Plaintiffs had the opportunity to file a Reply by October 10, 2017, they did not do so. The Motion is now ripe for review.

## II.  LEGAL STANDARD

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a); *see* 28 U.S.C. § 1446. "Federal district courts, of course, have original jurisdiction over diversity cases and matters arising under federal law." *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir. 1998) (citing 28 U.S.C. §§ 1331, 1332). "Removal is a matter of federal right," but on a motion to remand, "'ambiguities are

generally construed against removal.'" *Butler v. Polk*, 592 F.2d 1293, 1296 (5th Cir.1979)[1]; *see Whitt*, 147 F.3d at 1329; *see also Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941).

Pursuant to 28 U.S.C. § 1332(a), a federal district court has original jurisdiction over a civil action between citizens of different states when the amount in controversy exceeds $75,000. *See Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010). For example, "[d]efendants may introduce their own affidavits, declarations, or other documentation–provided of course that removal is procedurally proper." *Id.* Whatever the evidence, it must be relevant to the amount in controversy at the time of the case's removal, and should not involve simple speculation about future benefits or future harm. *See Williams v. Best Buy Co.*, 269 F.3d 1316, 1318, 1319 (11th Cir. 2001); *see also Sinclair v. State Farm Mutual Automobile Ins. Co.*, 2011 WL 2746823, at *2 (M.D. Fla. June 14, 2011) (citing *Traveler's Insurance Co. v. Greenfield*, 154 F.2d 950, 952 (5th Cir. 1946)).

## III. DISCUSSION

Here, the jurisdictional dispute centers on the amount-in-controversy requirement for removal and whether Plaintiffs' claims can be aggregated to satisfy the $75,000 threshold. It is well settled law that

> [w]hen two or more plaintiffs, having separate and distinct demands, unite for convenience and economy in a single suit, it is essential that the demand of each be the requisite jurisdictional amount; but *when several plaintiffs unite to enforce*

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit Court of Appeals adopted as precedent all decisions issued by the former Fifth Circuit Court of Appeals prior to October 1, 1981.

> *a single title or right, in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.*

*Troy Bank of Indiana v. G.A. Whitehead & Co.*, 222 U.S. 39, 40-41 (1911); *see also Snyder v. Harris*, 394 U.S. 332, 336 (1969). Within the case law, there is a consensus that the "common and undivided interest" category of cases is rather uncommon, "existing only when the defendant owes an obligation to the group of plaintiffs as a group and not to the individuals severally." *Martinez v. J.C. Penney Corp., Inc.*, No. 08-20803-CIV, 2008 WL 2225663, *3 (S.D. Fla. May 29, 2008) (quoting *Morrison v. Allstate Indemn. Co.*, 228 F. 3d 1255, 1262 (11th Cir. 2000)). Courts have interpreted this language and concluded that cases involving a common and undivided interest "involve a single indivisible res, such as an estate, a piece of property (the classic example), or *an insurance policy*." *Durant v. Servicemaster Co.*, 109 F. App'x 27, 29 (6th Cir. 2004) (emphasis added) (quoting *Gilman v. BH Sec., Inc.*, 104 F.3d 1418, 1423 (2d Cir. 1997)).

An insurance policy constitutes a single indivisible res when multiple plaintiffs seek to enforce their rights under that one policy. *See McKinney v. Stonebridge Life. Ins. Co.*, No. 4:06cv00029, 2006 WL 2565593, *4 (W.D. Va. Sept. 1, 2006)). Under this scenario, "plaintiffs' claims to a single policy likely would represent a common undivided interest, as the failure of one beneficiary to recover under the policy would affect the rights of the remaining plaintiffs." *Id.* Even if an insurer becomes subrogated to the rights of its insured, that single and undivided interest of the insured cannot become two distinct claims merely because of subrogation. *Honey v. George Hyman Construc.*, 63 F.R.D. 443, 449 (D.D.C. 1974); *Keen Transport Co. v. Wilcox*, 376 F. Supp. 437, 439 (W.D. Penn. 1974) ("Therefore, it is proper in this case for insured and insurer who have a property interest in one claim based upon one subject matter to aggregate their claims to meet the requisite jurisdictional amount"). The same logic applies when an

insured has a right under an insurance policy but chooses to assign part of that right to a third party. *See Phoenix Ins. Co. v. Woosley*, 287 F.2d 531, 533 (10th Cir. 1961) ("The nine [assignee] creditors had a common interest in the collection of this insurance, although not an equal interest, for the reason it was the source from which they might collect the money that was due them. The general rule is that when several plaintiffs unite to enforce a single right in which they have a common and undivided interest, it is enough if their interests collectively equal the jurisdictional amount.").

In this case, Plaintiffs have a common and undivided interest arising from Kapow's insurance policy issued by Defendant. Although they may be asserting claims for different damages available under the policy - Kapow for loss of business income and RC for remediation repairs - all damages arise out of the claims for water damage made under Defendant's policy. Kapow's assignment of certain rights under the policy to RC does not affect the jurisdictional outcome. Defendant's invocation of the exclusionary language in the policy to both claims further demonstrates the commonality and undivided nature of Plaintiffs' interests. If there were a finding that the exclusionary language applied to Kapow's claim for loss of business income, the same exclusionary language would apply to RC's claims for remediation costs as they arise from Kapow's insurance rights. This case presents one of those "uncommon" scenarios allowing for the claims of all plaintiffs to be aggregated for purposes of computing the amount in controversy. Plaintiffs do not challenge that their claims in the aggregate exceed $75,000. With an undisputed aggregate claim totaling $88,104, Defendant has satisfied its burden to prove both the requisite amount in controversy and this Court's jurisdiction over Plaintiffs' claims.

## IV. CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Remand, **ECF No. [11]**, is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 24th day of October, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record