UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-cv-80972-BLOOM/Hopkins

KAPOW OF BOCA RATON, INC. and
RESTORATION CONSTRCTION, LLC.

    Plaintiffs,
v.

ASPEN SPECIALTY INSURANCE CO.,

    Defendant.
_____/

## ORDER ON MOTION TO STRIKE

**THIS CAUSE** is before the Court upon Plaintiffs', Kapow of Boca Raton, Inc. and Restoration Construction, LLC.'s ("Plaintiffs") Motion to Strike Defendant's Affirmative Defenses, *see* ECF No. [9] ("Motion"). The Court has reviewed the Motion, all supporting and opposing filings, all memoranda of law, and is otherwise duly advised. For the foregoing reasons, the Motion is granted in part and denied in part.

### I. BACKGROUND

Plaintiffs originally filed this action in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida. *See* ECF No. [17-1]. In the Complaint, Plaintiffs allege that Aspen Specialty Insurance Co. ("Defendant") issued a policy of insurance to Kapow of Boca Raton ("Kapow"), an Asian noodle restaurant, providing insurance coverage for water and mold damage to commercial property and coverage for business interruption. *Id.* at ¶¶ 5-6. On or about August 16, 2016, Plaintiffs allege that Kapow's restaurant suffered water and mold damage caused by a toilet overflowing in a second floor unit above the restaurant. *Id.* at ¶ 7.

This overflowing water leaked through the restaurant's ceiling and caused an interruption of Kapow's business, forcing it to close for several days to complete water extraction, mold remediation and other repairs services. *Id.* Kapow retained co-Plaintiff Restoration Construction LLC ("RC") to perform these services and assigned its insurance benefits under the insurance policy to RC. *Id.* at ¶ 9.

After Plaintiffs made a claim for insurance benefits under the policy, they allege that Defendant improperly denied coverage for the claim, citing to the policy's exclusion for overflow of drains and sewers. *See* ECF No. [17-1] at ¶ 12. In Count I of the Complaint, Kapow asserts a claim for loss of income arising from the first incident. *See* ECF No. [17-1] at ¶¶ 20-23. In Count II, RC, as an assignee of Kapow, asserts a breach of contract claim against Defendant also arising from the first incident, seeking to recover damages for the cost of its water extraction and mold remediation services. *Id.* at ¶¶ 24-29.

In the Complaint, Plaintiffs also allege a second breach of contract claim against Defendant by RC as Kapow's assignee. *Id.* at ¶¶ 30-35. This claim arises from a second incident on November 14, 2016 that caused water and mold damage to Kapow's restaurant as a result of a leaking toilet overflowing on the second floor. *Id.* at ¶ 14. Kapow again retained RC to perform the repair services and assigned its benefits under the policy to RC. *Id.* at ¶ 16. In response to the second claim for benefits, Defendant again denied coverage, invoking the same exclusionary language within the policy. *Id.* at ¶ 19.

On August 23, 2017, Defendant removed the lawsuit to this Court invoking diversity jurisdiction as the basis for removal. *See* ECF No. [1]. Although Plaintiffs sought remand of the case to state court, this Court entered an Order finding that it had subject matter jurisdiction over Plaintiffs' claims. *See* ECF No. [23]. Prior to the removal of this action, Defendant filed its

Answer and Affirmative Defenses asserting ten affirmative defenses. ECF No. [1-7]. Pursuant to Federal Rule of Civil Procedure 12(f), Plaintiff now moves to strike all ten of them. *Id.* Defendant's timely Response in opposition followed. *See* ECF No. [8]. Although Plaintiffs had the opportunity to file a Reply, they did not do so. This Motion is now ripe for review.

## II.     LEGAL STANDARD

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter," and grants a court broad discretion in making this determination. Fed. R. Civ. P. 12(f); *Morrison v. Exec. Aircraft Refinishing, Inc.*, 434 F. Supp. 2d 1314, 1318–19 (S.D. Fla. 2005) (citing *Williams v. Eckerd Family Youth Alt.*, 908 F. Supp. 908, 910 (M.D. Fla. 1995)). Under Rule 12(f), "[a] motion to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *United States Commodity Futures Trading Comm'n v. Mintco, LLC.*, No. 15-CV-61960, 2016 WL 3944101, at *2 (S.D. Fla. May 17, 2016) (denying in part motion to strike affirmative defenses). Thus, despite the Court's broad discretion, a motion to strike is considered a drastic remedy and is often disfavored. *Thompson v. Kindred Nursing Ctrs. E., LLC*, 211 F. Supp. 2d 1345, 1348 (M.D. Fla. 2002) (quoting *Augustus v. Bd. of Pub. Instruction of Escambia Cnty.*, Fla., 306 F.2d 862, 868 (5th Cir. 1962)); *Fabing v. Lakeland Reg'l Med. Ctr., Inc.*, No. 8:12-CV-2624, 2013 WL 593842, at *2 (M.D. Fla. Feb. 15, 2013) (calling Rule 12(f) a "draconian sanction").

Nevertheless, affirmative defenses will be stricken if insufficient as a matter of law. *See Morrison*, 434 F. Supp. 2d at 1319. "Courts have developed two schools of thought regarding the pleading standard required for affirmative defenses, and the Eleventh Circuit has not yet resolved

the split in opinion." *Ramnarine v. CP RE Holdco 2009-1*, LLC, No. 12-61716-CV, 2013 WL 1788503, at *1 (S.D. Fla. Apr. 26, 2013).

An affirmative defense is a defense "that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification, or other negating matters." *Adams v. Jumpstart Wireless Corp.*, 294 F.R.D. 688, 671 (S.D. Fla. 2013). A defense which addresses a defect in the plaintiff's claim is not, however, an affirmative defense. *Id.*

Some courts in this Circuit have concluded that affirmative defenses are subject to the heightened pleading standard of Rule 8(a), as set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). *See, e.g., Moore v. R. Craig Hemphill & Assocs.*, No. 3:13-CV-900-J-39, 2014 WL 2527162, at *2 (M.D. Fla. May 6, 2014); *see also Adams v. JP Morgan Chase Bank, N.A.*, No. 3:11-CV-337-J-37, 2011 WL 2938467, at *2–3 (M.D. Fla. July 21, 2011). Others have held that affirmative defenses are subject to a less stringent standard under Rules 8(b) and 8(c), and that affirmative defenses need only "provide fair notice of the nature of the defense and the grounds upon which it rests." *See, e.g., Sparta Ins. Co. v. Colareta*, No. 13-60579-CIV, 2013 WL 5588140, at *3 (S.D. Fla. Oct.10, 2013) (denying in part plaintiff's motion to strike affirmative defenses and instead treating certain defenses as specific denials); *Gonzalez v. Midland Credit Mgmt., Inc.*, No. 6:13-CV-1576, 2013 WL 5970721, at *3 (M.D. Fla. Nov. 8, 2013) (denying motion to strike defendant's affirmative defenses because the affirmative defenses provided plaintiff with fair notice); *Ramnarine*, 2013 WL 1788503 at *1 (denying motion to strike affirmative defenses).

In this Court's opinion, "the difference in language between Rules 8(a) and Rule 8(b) is subtle but significant." *Laferte v. Murphy Painters, Inc.*, No. 17-CIV-60376, 2017 WL 2537259, * 2 (S.D. Fla. June 12, 2017). While Rule 8(a) requires "a short and plain statement of the claim

showing that the pleader is entitled to relief," Rule 8(b) merely requires that a party "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(a) and (b). Stated more directly, the language of Rule 8(a) requires the party to "show" that they are entitled to relief, while Rule 8(b) does not. *See Moore*, 2014 WL 2527162 at *2 ("Whereas [Rule 8's] pleading provision uses, 'showing,' its response and affirmative-defense provisions use, 'state,' and *Iqbal's* and *Twombly's* analyses relied on 'showing' "); *Floyd v. Suntrust Banks, Inc.*, No. 1:10-CV-2620, 2011 WL 2441744 at *7 (N.D. Ga. June 13, 2011) ("In adopting the plausibility standard, the Supreme Court relied heavily on the rule language purporting to require a 'showing' of entitlement to relief.") (citation omitted); *Smith v. Wal-Mart Stores, Inc.*, No. 1:11-CV-226, 2012 WL 2377840, at *2 (N.D. Fla. June 25, 2012) (noting that the Supreme Court in *Twombly* and *Iqbal* relied on the specific language of Rule 8(a), and finding that the plausibility requirement contained therein was inapplicable); *Ramnarine*, 2013 WL 1788503 at *3 (explaining that "the difference in the language between Rule 8(a) and Rules 8(b) and (c) requires a different pleading standard for claims and defenses"). Comparable to Rule 8(b), Rule 8(c) requires that a party "must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c). "[T]he Eleventh Circuit has stressed providing notice as the purpose of Rule 8(c): '[t]he purpose of Rule 8(c) is simply to guarantee that the opposing party has notice of any additional issue that may be raised at trial so that he or she is prepared to properly litigate it.' " *Jackson v. City of Centreville*, 269 F.R.D. 661, 662 (N.D. Ala. 2010) (quoting *Hassan v. USPS*, 842 F.2d 260, 263 (11th Cir. 1988)). Furthermore, "when one considers that a defendant must answer the complaint within 21 days, imposing a different standard for defenses is not unfair." *Floyd*, 2011 WL 2441744 at *8.

Thus, "affirmative defenses are not subject to the heightened pleading standard elucidated in *Twombly* and *Iqbal*." *Laferte*, 2017 WL 2537259, at *2. The straightforward construction of Rule 8 delineates different standards for pleadings generally, and those applicable to defenses. *See* Fed. R. Civ. P. 8. As noted by the Middle District of Alabama, "to artificially supply Rules 8(b)(1) and 8(c)(1) with the unique language of Rule 8(a)(2) requiring a 'showing' is to contravene well-established principles of statutory construction, which have been found applicable to interpreting the Federal Rules of Civil Procedure." *E.E.O.C. v. Joe Ryan Enter., Inc.*, 281 F.R.D. 660, 663 (M.D. Ala. 2012) (citing *Business Guides v. Chromatic Comms. Enter., Inc.*, 498 U.S. 533, 540–41 (1991)). However, under this standard, "an affirmative defense must be stricken when the defense is comprised of no more than bare-bones, conclusory allegations" or is "insufficient as a matter of law." *Adams*, 294 F.R.D. at 671; *Home Mgmt. Solutions, Inc. v. Prescient, Inc.*, No. 07-20608-CIV, 2007 WL 2412834, at *2 (S.D. Fla. Aug. 21, 2007). An affirmative defense is insufficient as a matter of law where: "'(1) in the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law.'" *Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *2 (quoting *Microsoft Corp. v. Jessee's Comp. & Repair Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002).

### III. DISCUSSION

#### A. Paragraphs 37 and 38

Paragraphs 37[1] and 38 of Defendant's Answer and Affirmative Defenses assert that the Plaintiffs' claims are not covered or are limited by applicable policy terms, conditions, and exclusions, citing to and quoting from specific provisions of the policy. ECF No. [1–7] at ¶¶ 37

---

[1] In its Answer and Affirmative Defenses, ECF No. [1-7], Defendant does not number its affirmative defenses separately, but rather it addresses each affirmative defense by paragraph number following the sequence of the Answer. Therefore, the Court will address each affirmative defense by its respective paragraph number for ease of reference.

and 38. Plaintiffs move to strike paragraphs 37 and 38, arguing the affirmative defenses are legally and factually insufficient. ECF No. [9]. Significantly, at the time Plaintiffs filed their Motion, this case was still pending in state court. ECF No. [1]. As a result, Plaintiffs cited to and relied upon the Florida standard of review for affirmative defenses rather than the standard set forth in Federal Rule of Civil Procedure 8. *See* ECF No. [9]. Because this case has since been removed to federal court, this Court will apply the standard set forth in Rules 8(b) and (c). That is, a court may strike an affirmative defense if it is patently frivolous or insufficient as a matter of law, and it does not put the Plaintiffs on fair notice of the asserted defense. *Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *2; *Sparta Ins. Co.*, 2013 WL 5588140, at *3. Here, paragraphs 37 and 38 of Defendant's Answer and Affirmative Defenses are sufficient as a matter of law as they give Plaintiffs notice of the specific coverage and exclusion provisions within the insurance policy upon which Defendant relies to defend against insurance coverage and, in turn, defend against the breach of contract claims. *See* ECF No. [1-7] at ¶¶ 37 and 38. For that reason, the Court denies Plaintiffs' Motion as to paragraphs 37 and 38.

### B. Paragraphs 36 and 42

As to paragraph 36, Defendant alleges that the claims in Plaintiffs' Complaint are not covered by the policy in whole or in part, and that coverage may be excluded in whole or in part, pursuant to the terms, conditions, exclusions and limitations contained within the policy. ECF No. [1–7] at ¶ 36. Paragraph 42 alleges that Plaintiffs' damages must be limited by the amount set forth in the limitations provisions of the policy. *Id.* at ¶ 42. Once again, Plaintiffs move to strike paragraphs 36 and 42, arguing they are legally and factually insufficient. *See* ECF No. [9].

Although Rules 8(b) and (c) do not require the heightened pleading standard set out in Rule 8(a), an affirmative defense must be stricken when the defense is comprised of no more

than "bare-bones conclusory allegations." *Home Mgmt. Solutions, Inc.*, 2007 WL 2412834, at *2. Paragraphs 36 and 42 fail to provide any facts that would give Plaintiffs fair notice of the policy terms, conditions, or limitations that Defendant intends to rely upon as a defense.

While paragraph 37, discussed above, specifies the relevant policy provisions that arguably limit coverage, Defendant must provide Plaintiffs with notice as to what policy provisions are being referred to in paragraphs 36 and 42, which it failed to do. *See* ECF No. [1-7] at ¶¶ 36 and 42. Paragraph 36 appears to be a catchall assertion as to any potential liability defenses under the policy while paragraph 42 appears to be a policy catchall for damages. Neither defense provides Plaintiffs notice of the provisions at issue other than to cite to the whole policy as a defense. Therefore, the Court grants Plaintiffs' Motion as to paragraphs 36 and 42. Defendant has requested leave to amend any defenses deemed insufficient and the Court will grant Defendant leave to amend paragraphs 36 and 42 to add policy language specific to each of the defenses asserted.

### C. Paragraphs 39 and 41

Plaintiffs next seek to strike paragraph 39, which states that Plaintiffs failed to mitigate their damages, and paragraph 41, which states that Plaintiffs' damages are offset by the amount of applicable policy deductibles, settlements, or contributions. ECF No. [9]. Applying the standards of Rules 8(b) and (c) to determine if Plaintiffs have notice of the defenses, the Court finds these two affirmative defenses, which seek to limit damages as a result of Plaintiffs' own actions or seek a set-off, sufficiently place Plaintiffs on notice. Therefore, the Court denies Plaintiffs' Motion as to paragraphs 39 and 41.

### D. Paragraphs 40 and 43

In Paragraph 40, Defendant alleges that Plaintiffs have no cause of action because they failed to satisfy one or more conditions precedent to recovery. ECF No. [1–7] at ¶ 40. Similarly, in paragraph 43, Defendant raises a more specific condition precedent to recovery by seeking to bar Plaintiffs' claims for failing to provide a satisfactory proof of loss as required by the policy. *Id*. at ¶ 43. Plaintiffs move to strike paragraph 40 because Defendant fails to provide factual support and paragraph 43 because it is legally deficient and a mere denial of Plaintiffs' claims. ECF No. [9].

To place these defenses in context, it is important to note that the allegations in paragraphs 12 and 19 of Plaintiffs' Complaint state as follows: "all conditions precedent to recover under the subject insurance policy and under applicable Florida statutes have been performed." ECF No. [1–2] at ¶¶ 12 and 19. Thus, paragraph 40 of Defendant's Answer and Affirmative Defenses is a denial of these specific allegations set forth in Plaintiffs' Complaint. ECF No. [1–7] at ¶ 40. Further, Defendant answered these two paragraphs by affirmatively alleging that Plaintiffs failed to provide proper information and documentation. ECF No. [1–7] at ¶¶ 12 and 19. Thus, the defenses asserted in paragraphs 40 and 43 merely reiterate Defendant's answers and denials of paragraphs 12 and 19 of the Complaint. Specifically, in paragraph 43, Defendant alleges that Plaintiffs failed to provide a sworn proof of loss – information that is a condition precedent under the policy. Therefore, the Court finds that paragraphs 40 and 43 constitute a mere denial of Plaintiffs' allegations. As such, paragraphs 40 and 43 will not be stricken, but rather, will be treated as specific denials.

### E. Paragraphs 44 and 45

Finally, Plaintiffs move to strike paragraphs 44 and 45, which state that Defendant reserves its right and defenses under the policy and reserves its right to amend its Answer to add additional affirmative defenses. ECF No. [9]. Plaintiffs argue these paragraphs are legally insufficient and are not proper affirmative defenses. *Id.* Courts in this District have held that reservation of right clauses are not affirmative defenses because they do "not respond to the initial complaint or raise a fact which negates Plaintiffs' claims." *Gonzalez v. Spears Holdings, Inc.*, Case No. 09-60501-CIV, 2009 WL 2391233, *4 (S.D. Fla. July 31, 2009). If Defendant wishes to amend its affirmative defenses or add additional defenses, it must move this Court for leave to amend. *Jones v. Carmanah Tech. Corp.*, Case No. 13-CV-80695, 2014 WL 12461353, *3 (S.D. Fla. Jan. 6, 2014). Therefore, the Court grants Plaintiffs' Motion directed at paragraphs 44 and 45.

### IV. CONCLUSION

For the reasons stated above, is it **ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion to Strike, **ECF No. [9]**, is **GRANTED in part** and **DENIED in part**.

2. Paragraphs 36 and 42 of Defendant's Answer and Affirmative Defenses are **STRICKEN WITHOUT PREJUDICE**. Defendant may amend Paragraphs 36 and 42 of the Answer and Affirmative Defenses by **November 14, 2017**.

3. Paragraphs 44 and 45 of Defendant's Answer and Affirmative Defenses are **STRICKEN.**

**DONE AND ORDERED** in Miami, Florida this 7th day of November, 2017.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Counsel of Record